UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALEXANDRA M. KOLLIAS**, | Case Number 1:13 CV 1634 |
| Plaintiff, | Judge Lesley Wells |
| v. | REPORT AND RECOMMENDATION |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

Plaintiff Alexandra M. Kollias filed a Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny disability insurance benefits (DIB). (Doc. 1). The district court has jurisdiction under 42 U.S.C. § 405(g). This matter was initially referred to Magistrate Judge Kenneth S. McHargh pursuant to Local Rule 72.2(b)(1) (Non-document entry dated July 29, 2013) and subsequently transferred to the undersigned for a Report and Recommendation pursuant to 18 U.S.C. § 137 (Doc. 19). For the reasons stated below, the undersigned recommends the Commissioner's decision be affirmed.

### PROCEDURAL BACKGROUND

On October 16, 2009, Plaintiff filed an application for DIB, alleging a disability onset date of January 10, 1993, due to COPD, degenerative disc disease, spinal stenosis, bone spurs, severe osteoarthritis, chronic fatigue syndrome, Hepatitis C, depression, obesity, high blood pressure, "minor heart problems", overactive bladder, diabetic retinopathy, cataracts, hypothyroidism, hasimoto's disease, "possible fibromiticytis", fallen arches, spastic colon, GERD, diabetes, and uterine cancer. (Tr. 113, 148, 163). Plaintiff's date last insured is December 31, 1998, thus she

was required to establish disability on or before that date. (Tr. 21). Her claim was denied initially (Tr. 102) and on reconsideration (Tr. 113). Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 18). Plaintiff appeared without counsel at the initial hearing and the ALJ continued the hearing so she could find representation. (Tr. 84-85). At a subsequent hearing, Plaintiff, represented by counsel, and a vocational expert (VE) testified after which the ALJ found Plaintiff not disabled. (*See* Tr. 18, 36-65). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1); 20 C.F.R. §§ 404.955, 404.981. On July 29, 2013, Plaintiff filed the instant case. (Doc. 1).

## FACTUAL BACKGROUND

Plaintiff's relevant time period spans from January 10, 1993 (onset date) through December 31, 1998 (date last insured). Therefore, the undersigned focuses on evidence relevant to this time period, or to the extent it relates back to Plaintiff's limitations prior to the date last insured. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value."); *Barhouma v. Astrue*, 2010 U.S. Dist. LEXIS 50832, at * 20-21 (N.D. Ohio) ("[E]vidence of a claimant's post-date last insured condition, to the extent that it relates back, is relevant only if it is reflective of a claimant's limitations prior to the date last insured.").

**Personal Background, Testimony, and Disability Reports**

Plaintiff was born on December 26, 1950 and was 42 years old on her alleged onset date. (Tr. 148). She has a twelfth grade education and worked for TRW Automotive for about twenty years as an auto-parts assembler, packer, floor inspector, machine operator, and chrome plate feeder. (Tr. 175).

Plaintiff testified she was disabled due to fatigue, depression, and back pain. (Tr. 50). During the relevant time period, Plaintiff lived in a home by herself and took care of several animals, including up to nine cats and three dogs. (Tr. 56). Concerning daily activity, Plaintiff said she laid on the couch all day but also testified she was able to care for her pets, occasionally walk her dogs, walk around the block, prepare microwaveable meals, do laundry, drive, shop, wash dishes, and attend to personal hygiene. (Tr. 57-61). After the hearing, Plaintiff wrote a letter to the ALJ clarifying that she "never" walked the dogs and used an electric cart to shop. (Tr. 222-23). However, treatment notes from the relevant period support Plaintiff's testimony that she was able to care for her personal needs, perform light house work, and shop for herself and her pets. (Tr. 171, 484, 506, 511).

**Medical Evidence**

Plaintiff primarily treated with her family physician Abdul Orra, D.O., during the relevant time period. In July 1993, Dr. Orra reported that he first treated Plaintiff on May 13, 1993 (Tr. 511); however, he later reported he had treated Plaintiff since the late 80's (Tr. 330).

Dr. Orra's treatment notes during the relevant time period indicate he generally managed her medication for high blood pressure, hypothyroidism, depression, and pain, or filled out disability paperwork. (Tr. 437, 445-46, 465, 484, 495, 511). Based on treatment notes, medication appeared to be effective for Plaintiff's pain. For example, in December 1997, Plaintiff reported pain medication "is fantastic, takes pain away." (Tr. 437). Dr. Orra also advised use of a heating pad (Tr. 437) and pneumatic (pressure) therapy (Tr. 450-52).

Objective evidence from January 1994 revealed degenerative disc disease at L5-S1 but no acute fracture or other abnormality. (Tr. 467). A November 1997 x-ray of Plaintiff's cervical

spine revealed moderate degenerative changes at C4-5 but no fracture or subluxation and an overall impression that "no acute disease [was] demonstrated." (Tr. 260, 461).

Concerning mental impairments, Dr. Orra diagnosed Plaintiff with acute depression after her mother died in March of 1993. (Tr. 511). He prescribed Paxil and other anti-depressants to manage her symptoms. (Tr. 465, 511). However, there was no other treatment for mental impairments during this time period.

**Opinion Evidence**

On March 23, 2010, state agency physician Diane Manos, M.D., concluded there was insufficient medical evidence during the insured period to make a determination. (Tr. 579). State agency physician Gerald Klyop, M.D., affirmed Dr. Manos' assessment on July 10, 2010. (Tr. 580).

Despite conservative treatment, Dr. Orra opined several times that Plaintiff was "temporarily totally disabled," "totally disabled," or "disabled." (Tr. 330, 465, 484, 507, 509-11). Notably, Dr. Orra did not provide any clinical or objective support for his opinions, nor did he opine on Plaintiff's functional limitations in treatment notes or these conclusory opinions.

On September 7, 2010, Dr. Orra opined on Plaintiff's physical limitations but gave no indication these limitations applied to the relevant time period. Similarly, Dr. Orra provided an assessment of Plaintiff's mental limitations on August 27, 2010. Again, he did not suggest these limitations applied to the relevant time period. (Tr. 590-91).

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in

4

the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

### STANDARD FOR DISABILITY

Eligibility for DIB is predicated on the existence of a disability. 42 U.S.C. §§ 423(a); § 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process – found at 20 C.F.R. § 404.1520– to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5

> 5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The court considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is she determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff argues the ALJ erred by rejecting the "well-supported opinions of treating physician Dr. Orra" and improperly analyzed Plaintiff's credibility. (Doc. 17).

### *Treating Physician Rule*

Generally, the medical opinions of treating physicians are afforded greater deference than those of non-treating physicians. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); *see also* SSR 96-2p, 1996 WL 374188. "Because treating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone,' their opinions are generally accorded more weight than those of non-treating physicians." *Rogers*, 486 F.3d at 242 (quoting 20 C.F.R. § 416.927(d)(2)).

A treating physician's opinion is given "controlling weight" if it is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

6

other substantial evidence in the case record." *Id*. The ALJ must give "good reasons" for the weight given to a treating physician's opinion. *Id*. A failure to follow this procedural requirement "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Id*. (citing *Rogers*, 486 F.3d at 243). Accordingly, failure to give good reasons requires remand. *Id*. at 409–410.

"Good reasons" are reasons "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *4). "Good reasons" are required even when the conclusion of the ALJ may be justified based on the record as a whole. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

"If the ALJ does not accord the opinion of the treating source controlling weight, it must apply certain factors" to assign weight to the opinion. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 660 (6th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)). These factors include the length of treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source. *Id*.

Here, the ALJ appropriately weighed Dr. Orra's various opinions and discussed several reasons for discounting them. Mainly, that his opinions were conclusory and not supported by treatment notes; they were rendered well after the relevant time period; they failed to provide specific information regarding functional limitations; treatment was conservative and routine; he opined on issues reserved to the Commissioner; and, to the extent he was assessing Plaintiff's depression, he was not qualified. (Tr. 27-28). These reasons touched upon several factors an ALJ is required to consider when providing good reasons for rejecting a treating physician's opinion.

7

*See* 20 C.F.R. § 404.1527(d)(2)) (nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, specialization of the treating source, and nature and extent of treatment).

Nevertheless, Plaintiff argues the ALJ erred by rejecting Dr. Orra's conclusory opinions that Plaintiff was "disabled." However, the ALJ's rejection of Dr. Orra's opinions that Plaintiff was disabled was legally sound. (Tr. 31); 20 C.F.R. § 404.1527(d)(1) (whether a claimant is disabled is an issue reserved to the Commissioner); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician.").

Plaintiff also argues the ALJ erred because Dr. Orra supported his opinions with work-related limitations, referring to Dr. Orra's September 7, 2010 assessment. (Doc. 17; Tr. 593-94). However, the ALJ appropriately gave this opinion no weight because it was given well after the relevant time period and was not supported by the objective medical evidence during that time. (Tr. 27-28). Accordingly, Plaintiff's argument fails for a variety of reasons. First, there is no evidence these limitations relate back, or are reflective of, Plaintiff's limitations during the relevant time period. *Barhouma*, 2010 U.S. Dist. LEXIS 50832, at * 20-21. Indeed, Dr. Orra makes no indication on the form that these limitations apply to the relevant period, and the assessment was written approximately twelve years after Plaintiff's date last insured. Second, as the ALJ pointed out, Dr. Orra's opinion is not supported by the objective evidence, which merely indicated degenerative disc disease with no disc bulging, herniation, or stenosis.

Moreover, Plaintiff's activities of daily living fail to support Dr. Orra's opinions that Plaintiff was "disabled." For example, Plaintiff was able to perform light housework, shop, drive,

8

take care of several pets, prepare meals, do dishes and laundry, and attend to personal hygiene. (Tr. 57-61, 171, 484, 506, 511). Finally, as the ALJ pointed out, Plaintiff's treatment was routine and conservative in nature. Accordingly, the ALJ did not err with respect to his treatment of Dr. Orra's opinions and his decision is supported by substantial evidence.

*Credibility*

The Sixth Circuit recognizes that pain alone may be disabling. *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, an ALJ is not required to accept a claimant's own testimony regarding his pain. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The regulations establish a two-step process for evaluating pain. *See* 20 C.F.R. § 404.1529; *see also* Social Security Ruling (SSR) 96-7p, 1996 WL 374186. For pain or other subjective complaints to be considered disabling, there must be: 1) objective medical evidence of an underlying medical condition; and 2) objective medical evidence that confirms the severity of the alleged disabling pain, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *Felisky v. Bowen*, 35 F.3d 1027, 1038 (6th Cir. 1994). This standard does not require "objective evidence of the pain itself." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

A plaintiff's failure to meet the above-stated standard does not necessarily end the inquiry. Rather, "in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms will be considered with other relevant evidence in deciding disability." *Swain v. Comm. of Soc. Sec.*, 297 F. Supp. 2d 986, 989 (N.D. Ohio 2003) (citing SSR 96-7p).

The ALJ is to consider certain factors in determining whether a claimant has disabling pain: 1) daily activities; 2) location, duration, frequency, and intensity of pain or symptoms; 3)

precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication; 5) treatment, other than medication to relieve pain; and 6) any measures used to relieve pain. 20 C.F.R. 404.1529(c)(3); *Felisky*, 35 F.3d at 1039-40; SSR 96-7p, 1996 WL 374186, at *3. An ALJ is not required, however, to discuss each factor in every case. *See Bowman v. Chater*, 1997 WL 764419, at *4 (6th Cir. 1997); *Caley v. Astrue*, 2012 WL 1970250, at *13 (N.D. Ohio 2012).

Further, an "ALJ is not required to accept a claimant's subjective complaints" and may "consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F.3d at 476. An ALJ's credibility determinations about the claimant are to be accorded "great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.' However, they must also be supported by substantial evidence." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters*, 127 F.3d at 531); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) ("we accord great deference to [the ALJ's] credibility determination.").

Ultimately, it is for the ALJ, not the reviewing court, to judge the credibility of a claimant's statements. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (ALJ's credibility determination accorded "great weight"). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In reviewing an ALJ's credibility determination, the Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant's testimony] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469,

10

476 (6th Cir. 2003). The Court may not "try the case *de novo*, nor resolve conflicts in evidence". *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987).

 Here, Plaintiff argues the ALJ erred because he did not "fully consider most of the factors set forth in SSR 96-7[p]." (Doc. 17). However, as discussed above, an ALJ is not required to discuss each factor in every case. *Bowman v. Chater*, 1997 WL 764419, at *4; *Caley*, 2012 WL 1970250, at *13. Nevertheless, the ALJ did appropriately discuss several factors to support his credibility finding. Namely, daily activities, conservative and routine treatment, medication effectiveness, and lack of support in the record to reflect disabling limitation. (Tr. 25-28); 20 C.F.R. 404.1529(c)(3); SSR 96-7p, 1996 WL 374186.

 The ALJ's decision is supported by substantial evidence. First, Plaintiff's daily activities support she was capable of performing light work. For example, she took care of animals, shopped, performed light housework, drove, and lived alone. (Tr. 57-61, 171, 484, 506, 511). While Plaintiff "clarified" her testimony and now attempts to argue that she could not walk, shop, or take care of animals (Tr. 222), treatment notes from the relevant time period support her initial testimony that she was able to perform those activities as originally stated (Tr. 171, 484, 506, 511). Moreover, as the ALJ pointed out, Plaintiff's treatment was routine and conservative. Dr. Orra generally prescribed heating pads, pressure therapy, and pain medication, which Plaintiff claimed was "fantastic" and alleviated her pain. (Tr. 437). In addition, although Plaintiff reported disabling mental health symptoms, Dr. Orra merely diagnosed her with acute depression, despite his general practitioner status, and Plaintiff was not otherwise treated for mental health symptoms. Accordingly, Plaintiff's credibility finding is supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the undersigned finds the Commissioner's decision denying DIB benefits applied the correct legal standards and it is supported by substantial evidence. Therefore, the undersigned recommends the Commissioner's decision be affirmed.

 s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).