IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------

ALEXANDRA M. KOLLIAS,

                        Plaintiff

        -vs-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

------------------------------------------------

: CASE NO. 1:13 cv 01634
:
:
:
: <u>MEMORANDUM AND ORDER</u>
: <u>ACCEPTING THE MAGISTRATE</u>
: <u>JUDGE'S RECOMMENDATION AND</u>
: <u>AFFIRMING THE COMMISSIONER'S</u>
: <u>DECISION</u>
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      The plaintiff Alexandra M. Kollias challenges the Commissioner of Social

Security's decision denying Disability Insurance Benefits ("DIB"). Pursuant to Local Rule

72.2(b)(1) this matter was automatically referred to United States Magistrate Judge

James R. Knepp II for report and recommendation ("R&R"). On 23 July 2014, the

Magistrate Judge issued an R&R recommending that the Commissioner's decision be

affirmed. Ms. Kollias now objects. For the reasons that follow, the objections are

rejected, the recommendation is accepted, and the Commissioner's decision is

affirmed.

## I. Standard of Review

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986), And, "the objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995).

## II. Discussion

The Magistrate Judge recommended affirming the Commissioner's decision to deny benefits. The plaintiff objects to this recommendation in two respects. First, she asserts that the Magistrate Judge erred by concluding that the ALJ properly rejected the opinion of the plaintiff's treating physician. Second, the plaintiff asserts that the Magistrate Judge erred because he did not adequately analyze the criteria found in Social Security Ruling 96-7 when considering the the plaintiff's symptoms and credibility.

The trouble with these objections is that they are not sufficiently specific to trigger de novo review of the Magistrate Judge's decision. Instead of pinpointing the

2

portions of the R&R that require review, the plaintiff presents the exact same arguments that originally appeared in her brief on the merits and simply relabels those arguments as "objections." If the Court were to review these general objections *de novo*, "[t]he functions of the district court [would be] effectively duplicated as both the magistrate and the district court [have] perform[ed] identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard, 932 F.2d at 509 (explaining that that the specificity requirement contained in 28 U.S.C. § 636 is necessary to conserve judicial resources).

In this instance, the plaintiff's objections are "tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir. 2001) (citing Miller, 50 F.3d at 380). As such, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note. Having carefully reviewed the record in this instance, the Court finds Magistrate Judge Knepp's R&R to be well-reasoned and without error. The Court accordingly adopts the R&R in its entirety.

### III. Conclusion

For the reasons stated above, the Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: October 28, 2014

3